IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA DUANE BUTLER, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 20-405-RAW-KEW |
| SHANNON CLARK, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 5). Petitioner is a pretrial detainee who has been charged in Okmulgee County District Court Case No. CF-2019-260 with Endangering Others While Eluding or Attempting to Elude a Police Officer (Count One) and Assault with a Dangerous Weapon (Count Two). He raises the following four grounds for habeas corpus relief:

I. It took the State 50 days to arraign me on the charges for Okmulgee County.

II. The State had 2 officers fabricate evidence by having Deputy Aaron Swayze write a statement 6 months into my case/and Chief Robert Frost 9 months into my case.

III. Neither of the State's only alleged eyewitnesses, Aaron Swayze [and] Robert Frost, were shown a proper photo array/lineup to I.D. me.

IV. Jurisdiction now because of the *McGirt* ruling.

(Dkt. 5 at 6-8).

Respondent alleges Petitioner has failed to exhaust his state court remedies. The

record shows that Petitioner was arrested in Hughes County, Oklahoma, and transported to Okmulgee County on or about December 30, 2019 (Dkt. 16-2). His case was scheduled on the next available arraignment docket, which was January 9, 2020 (Dkt. 16-3), and he was appointed counsel (Dkt. 16-4).

At the initial arraignment on January 9, 2020, Petitioner's case was set for preliminary hearing on February 25, 2020, but it was passed to February 28, 2020 (Dkts. 16-6, 16-7). On February 28, 2020, the case was passed to March 12, 2020, to obtain conflict counsel for Petitioner (Dkt. 16-8). On March 9, 2020, the Oklahoma Indigent Defense System (OIDS) appointed Cindy Dawson as conflict counsel (Dkt. 16-9).

When the parties appeared on March 12, 2020, the case was set for preliminary hearing on May 5, 2020 (Dkt. 16-10). Ms. Dawson filed an emergency motion for modification of release decision, requesting a reduction in Petitioner's bond (Dkt. 16-11), however, the motion was denied (Dkt. 16-12). Because of the spread of COVID-19, and pursuant to the Executive Orders issued by the Governor of Oklahoma and the Oklahoma Supreme Court, the district court judge rescheduled all cases set for May 5, 2020, to June 2, 2020 (Dkt. 16-13).

On June 2, 2020, Petitioner's counsel requested another continuance of the preliminary hearing to allow him to appear in person instead of by video conferencing (Dkt. 16-14). The district court granted this request and set the preliminary hearing for July 14, 2020 (Dkt. 16-15).

On June 3, 2020, Petitioner filed another request for court-appointed counsel, stating he had fired Ms. Dawson (Dkt. 16-16).  Because of Petitioner's erratic behavior, on June 18, 2020, Ms. Dawson filed an application to determine his competency, which was set for hearing on June 25, 2020 (Dkts 16-17, 16-18).  Ms. Dawson also made an oral request to withdraw from her representation of Petitioner, which was granted on July 21, 2020 (Dkt. 16-20).  The case was rescheduled to August 4, 2020.  (Dkt. 16-19).  On August 5, 2020, OIDS appointed Anthony Allen to represent Petitioner (Dkt. 16-21).

On September 3, 2020, an order was entered for mental evaluation to determine Petitioner's competency (Dkt. 16-22).  On October 8, 2020, Petitioner, through counsel, stipulated to the competency report submitted to the court, and the criminal proceedings were ordered to resume with a preliminary hearing scheduled for October 20, 2020 (Dkt. 16-23).

The preliminary hearing was held on October 20, 2020, with the magistrate finding probable cause to bind Petitioner over for trial, setting the district court arraignment for November 18, 2020.  (Dkt. 16-24).  At the district court arraignment, Petitioner entered a plea of not guilty, and his case was set on the next available jury sounding docket, which was scheduled for January 21, 2021 (Dkt. 16-25).

In Oklahoma, a remedy for unlawful detention is available through the writ of habeas corpus in the state courts.  *See* Okla. Stat. tit. 12, § 1344 ("The writ [of habeas corpus] may be had for the purpose of letting a prisoner to bail in civil and criminal actions.").  *See also* Okla. Stat. tit. 12, § 1331 ("Every person restrained of his liberty, under any pretense

3

whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal.").

According to the Oklahoma State Courts Network (OSCN) at https://www.oscn.net,[1] on December 4, 2020, Petitioner filed a state petition for a writ of habeas corpus in the OCCA in Case No. HC-2020-896, attacking the legality of his confinement in the Okmulgee County Jail. He complained about his allegedly excessive bail, the delay in his arraignment and preliminary hearing, alleged fabricated evidence, and conspiracy, among other things. On December 11, 2020, Petitioner supplemented his petition with a letter stating he was seeking relief in the form of immediate or speedier release or a more reasonable bond. On January 6, 2021, the OCCA declined jurisdiction over the state habeas petition, because Petitioner had failed to give adequate notice to the proper party as required by Rule 10.3, Rules of the Oklahoma Court of Criminal Appeals, Tit. 22 Ch. 18, App. (2020). Therefore, he did not exhaust any claims through the state habeas petition.

The OSCN further shows that Petitioner's bond was reduced on April 6, 2021, and on April 26, 2021, Plaintiff advised this Court that his current address is in Skiatook, Oklahoma. On May 5, 2021, Petitioner waived his right to a speedy trial, and the case was reset to the next jury sounding docket on August 26, 2021.

After careful review, the Court finds that while Petitioner has not exhausted his state

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

court remedies, the more important issue concerns his ongoing criminal proceedings. Federal courts are required to avoid interference with pending state criminal prosecutions, "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger*, 401 U.S. at 44-45). Under the doctrine established in *Younger*, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state courts afford an adequate forum to present the applicant's federal constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998).

Here, the Court finds the three *Younger* elements are met. The Court further finds Petitioner has not properly sought state habeas corpus relief or established that state court remedies are unavailable for him in Okmulgee County District Court Case No. CF-2021-020. Therefore, this federal habeas corpus action must be DISMISSED WITHOUT PREJUDICE.

The Court also finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he also has not "demonstrate[d] that reasonable jurists would find [this] court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Therefore, Petitioner should be DENIED a certificate of appealability.

**ACCORDINGLY**, Petitioner's amended petition for a writ of habeas corpus (Dkt. 5) is DISMISSED WITHOUT PREJUDICE, and Petitioner is DENIED a certificate of appealability. Respondent Clark's motion to dismiss for failure to exhaust state court remedies (Dkt. 16) is DENIED AS MOOT.

**IT IS SO ORDERED** this 23rd day of August 2021.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA